CRUZ ET AL. *v.* ORTIZ.

APPEAL from the District Court of Ponce.

No. 715.—Decided December 20, 1911.

ACTION OF EJECTMENT—TITLE OF HEIR—ADJUDICATION AND PARTITION OF INHERITANCE.—The title of heir is in itself insufficient for the recovery by some of the heirs of a specific part of the inherited property, since the partition and adjudication of said property is what confers on an heir exclusive ownership of the property that may have been adjudicated to him, and under such conditions an action instituted before these requisites are complied with is premature.

The facts are stated in the opinion.

*Mr. José A. Poventud* for appellants.

*Mr. José Tous Soto* for appellees.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is an action of ejectment for the recovery of three-fifths undivided parts of a tract of land in the country and for the rents and profits of the same amounting to $10,000, and additional damages in the sum of $5,000.

The defendant demurred to the complaint and the court sustained the exception and rendered judgment against the plaintiffs dismissing the complaint and imposing costs. From this judgment this appeal was taken.

This case involves the following questions as set out in the exceptions of defendant taken to the complaint.

First. Defect of parties.

Second. Estoppel.

Third. Prescription.

The court rendered judgment in favor of the defendant on the ground that the complaint did not state facts sufficient to constitute a cause of action. No notice seems to have been taken by the trial court of the defenses of defect of parties and estoppel. The appellants present in their brief 15 assignments of error. The first and last are substantially the same, to the effect that the trial court erred in rendering the judgment appealed from, the same being contrary to the law and the evidence. If this assignment is sustained there is no need to examine in detail all the questions stated in the other assignments.

In an action of ejectment setting out a title by inheritance the brothers of the plaintiffs, Mauricio and Francisco, are necessary parties. The plaintiffs in their complaint claim a part of the land and in the prayer thereof ask the court to render a judgment declaring that three undivided fifths thereof belong to them and that the possessory proceedings and their registration are void, and for a money judgment, in the sum of $15,000 for rents, profits, and damages, and for general relief. They do not specifically pray for a declaration that the objectionable clause in the will is void but treat it as void *ipso facto,* and in fact they cannot recover unless it is void.

We have heretofore often held that, in an action of ejectment the first question to be considered is that the same can be brought only by the legitimate owner to recover the prop-

erty which belongs to him; and hence it is a fundamental requisite in such an action that he must prove clearly and certainly that he is the owner of the property sought to be recovered and that it is in the possession of the defendant.

. In a recent case the court, speaking through the pen of Mr. Justice de Aldrey, says:

"The title of heir transmits a right to the whole of the properties of the estate; by virtue of said title all the heirs by reason of the death of their ancestor become the owners in common of said properties, but until the partition and distribution is made and until the community ownership ceases, none of the heirs can be said or considered to be the only exclusive owner of a specific and determined, fixed and concrete portion of the estate, which requisites should be established in order that an action of ejectment might prosper.

"Upon the death of the ancestor, his heirs, by virtue of the foregoing articles have ownership of the undetermined whole of the estate, which becomes specific and determined by reason of the partition and distribution of the estate, the later acts being in accordance with section 1035 of the present Civil Code, equivalent to 1068 of the former Civil Code, which confers on an heir the specific ownership over the properties adjudicated to him." (*Velilla* v. *Pizá*, decided December 5, 1911.)

This proposition is also sustained by numerous decisions of the Supreme Court of Spain, among others that of June 13, 1901, which says:

"Until the liquidation of the estate and in consequence thereof the corresponding partition and adjudication of each share to each heir is made, the heirs lack the true title necessary to recover specific and determined properties of the estate, the testament not being a sufficient title for that purpose."

Applying the principles announced in these decisions to the present case we find that these plaintiffs, claiming the undivided interest of three of the five heirs of their mother, have prematurely instituted this action of ejectment and that the demurrer to the complaint was properly sustained on that account.

It is unnecessary to discuss the other questions presented in the record. The judgment rendered in the trial court must be affirmed:

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice Wolf stated that he concurred in the judgment on the grounds stated in the concurrent opinion in the case of *Velilla* v. *Pizá et al.* (17 P. R., p. 1069), decided December 5, 1911.